888 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy PARRISH, Plaintiff-Appellant,
v.
A.V. DODRILL, Commissioner, West Virginia Department of
Corrections, Karen Spoor, Administrator, Huntington
Work/Study Release Center, J. Michael Adkins, Deputy
Administrator, Huntington Work/Study Release Center,
Defendants-Appellees.
 No. 88-6823.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1989.
Decided Oct. 11, 1989.
 
 Timothy Parrish, appellant pro se.
 Charles G. Brown, III, Office of the Attorney General of West Virginia, for appellees.
 Before MURNAGHAN, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Timothy Parrish appeals the sua sponte order of the district court dismissing his 42 U.S.C. Sec. 1983 complaint as frivolous under 28 U.S.C. Sec. 1915. We agree that Parrish presents only frivolous claims and affirm.
 
 
 2
 Parrish's complaint concerns allegations arising out of a prison disciplinary hearing occasioned by his misconduct while on work release. While Parrish was incarcerated at the Huntington (W.Va.) Work Release Center (HWRC), an empty beer bottle was found in the transportation van in which Parrish was riding. Parrish was called into the office of the deputy administrator (Adkins) and given an "Alcoscan" test to determine if he had been drinking alcohol.[1] The test results indicated Parrish had been drinking alcohol. During this interrogation Parrish was also questioned about marijuana use (which he denied) and subjected to a urine test for drug use (which he failed). At the ensuing disciplinary hearing, Parrish pleaded guilty to the alcohol charge (midway through the hearing) and was found guilty of the drug charge by Ms. Ladika, the institutional magistrate.
 
 
 3
 In his Sec. 1983 complaint, Parrish claims that there was insufficient evidence to support the two charges against him and that he was denied cross-examination of the witnesses at the disciplinary hearing.[2] The district court dismissed Parrish's complaint sua sponte finding that Parrish received due process. We agree with the district court that the record shows that Parrish received the minimal due process requirements required in this context. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 4
 As to Parrish's claim concerning the sufficiency of the evidence against him, we evaluate the evidence in the record before us only to determine if "some evidence supports the decision by the prison disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985). We find ample evidence to support the findings of guilt from Parrish's plea of guilty to the alcohol charge, the Alcoscan test results, and the urine test results. And, as to Parrish's claim concerning the denial of cross-examination at the disciplinary hearing, we note that the Constitution does not entitle inmates to the right of cross-examination in this context. See Wolff, 418 U.S. at 567-68.
 
 
 5
 Therefore, we agree that Parrish's claims are frivolous and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the record before this Court and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The test was only given once, but Parrish now contends that it should have been given twice to insure its reliability
 
 
 [2]
 Parrish does not identify any specific witnesses he was unable to properly challenge